# SAUL EWING ARNSTEIN & LEHR LLP

Francis X. Riley III
Phone: (609) 452-3150
Fax: (609) 452-3122
Francis.Riley@saul.com
www.saul.com

January 29, 2020

**VIA ECF AND FACSIMILE**
The Honorable Nelson S. Roman, U.S.D.J.
United States Courthouse
218300 Quarropas Street
White Plains, NY 10601

      Re:    **Brizer v. Zillow, Inc.**
              **Case No. 19-cv-11521 (NSR)**

Dear Judge Roman:

      Saul Ewing Arnstein & Lehr LLP represents Zillow, Inc. ("Zillow") in the above-referenced matter. Zillow respectfully requests that a pre-motion conference be scheduled pursuant to Your Honor's Individual Rule 3(A)(ii). As described below, Zillow seeks leave to file a motion to dismiss Plaintiff's complaint, pursuant to FRCP 12(b)(1) and (6) where, Plaintiff fails to: (i) sufficiently allege he suffered an injury in fact that could establish his standing under Article III of the Constitution; and (ii) plead facts to plausibly support his individual claims for relief.

**A.**    **Background and Factual Allegations**

      Zillow operates a free online web-portal that provides various information and resources that are designed to assist individuals in the process of buying, selling and renting residential real estate. This includes tools for identifying real estate agents, mortgage lenders, home improvement contractors, and other real estate related professionals. Plaintiff's complaint is based on Zillow's alleged inclusion and identification of "Premier Agents" in the listings for various properties on its website. Plaintiff alleges that Premier Agents are independent real estate agents who pay fees to appear on property listings that they are not "connected with" and for which they are not the listing agent. (Compl., ¶¶7-9, 29). Plaintiff, a licensed sales associate, alleges that Zillow's website is designed in a way that "highlights" the Premier Agents by, among other things, leaving the profile for the listing agent "grey" and generally "unappealing" to the viewing public. (Compl., ¶¶26-28). Plaintiff further alleges that it takes "several scrolls to even identify the listing agent" among the Premier Agents and when a person clicks on "Contact an Agent," a pop-up window appears that allows them to contact a Premier Agent, along with the listing agent. (Compl., ¶¶14-19, 22-24). Plaintiff then surmises, without any factual support, that if a Premier Agent is contacted he or she will not take that prospective buyer to that property but, rather, "show [those potential buyers] a

650 College Road East, Suite 4000 ♦ Princeton, NJ 08540-6603 ♦ Phone: (609) 452-3100 ♦ Fax: (609) 452-3122

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

completely different property they had no desire to see" and steer them "to properties that are better financial arrangements" for the Premier Agents. (Compl., ¶¶30-31).

Further, Plaintiff claims, without any specificity, that he has "lost money" due to Zillow's actions. (Compl., ¶¶50-51). Plaintiff's complaint asserts claims for alleged violations of New York GBL § 340, §349 and §350, along with common law claims for unfair competition and unjust enrichment. (Compl., ¶¶61-86). Plaintiff seeks to assert these claims on behalf of a class of "all real estate brokers and real estate sales agents in New York" and every other state "where defendant conducts business." (Compl., ¶53, pgs. 11-12). He further requests, among other things, a preliminary injunction to "correct the challenged practices to comply with the law," "restitution and disgorgement for members of the 'State Subclasses,'" and monetary damages and interest. (Id.).

**B.   Plaintiff Fails to Sufficiently Allege Article III Standing to Pursue his Claims**

In order for this Court to have subject matter jurisdiction over this action, plaintiff must allege, among other things, that he has suffered a concrete injury that is fairly traceable to the actions of the defendant and it is likely – not merely speculative – that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); *see also Parker Madison Partners v. Airbnb, Inc.*, 283 F. Supp. 3d 174 (S.D.N.Y. 2017). Here, Plaintiff fails to plead any facts to demonstrate that he has suffered an "injury in fact" beyond Plaintiff's bare and conclusory allegations of unidentified "losses." Furthermore, Plaintiff's complaint fails to include any factual assertions that plausibly support a conclusion that *but for* the alleged actions or inactions by Zillow, he would not have incurred the unspecified losses. As such, Plaintiff's complaint should be dismissed based on his failure to adequately plead Article III standing.

**C.   Plaintiff Fails to Allege the Necessary Elements of a § 340 ("Donnelly Act") Claim**

New York's Donnelly Act prohibits agreements or conspiracies that create a monopoly or result in an unreasonable restraint on trade and a negative economic impact on an identified market and those participating in it. *See Yankees Entm't & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657 (S.D.N.Y. 2002). To adequately plead a violation of the Donnelly Act, a complaint must contain allegations of "a reciprocal relationship between two or more legal or economic entities [co-conspirators]," the "factual identity of the co-conspirators," and the conspiracy itself which has blocked the plaintiff's free exercise of its business practices. *See id.* A Donnelly Act violation "can only occur when the alleged 'conspirators' are in competition with one another or with the plaintiff." *Benjamin of Forest Hills Realty, Inc. v. Austin Sheppard Realty, Inc.*, 34 A.D.3d 91, 98 (2d Dep't 2006)).

Here, Plaintiff's complaint lacks any facts to support the fundamental elements of a Donnelly Act claim. Aside from the general label of "Premier Agents," Plaintiff fails to name or identify any alleged co-conspirator entities, or any specific reciprocal agreements, which purportedly curtail each co-conspirator's competition. Moreover, Plaintiff's bald and conclusory statement regarding "defendant's concerted efforts with Premier Agents," does not suffice. Plaintiff's Donnelly Act claim must be dismissed based upon his failure to allege: (i) a reciprocal relationship between Zillow and the Premier Agents; (ii) the specific identity of the Premier Agent(s) to which he refers; and (iii) sufficiently allege that the purported conspiracy between the two has actually prohibited Plaintiff's free exercise of his business practices.

### D.     Plaintiff's Claims Under GBL § 349 and § 350 Fail as a Matter of Law

GBL §349 protects consumers from "deceptive acts and practices" by those who sell consumer products and/or services, while GBL § 350 seeks to protect consumers against false advertising by this same group. New York courts consistently bar claims under both sections by a plaintiff whose primary claim of loss is not consumer-oriented, but is commercial in nature. *See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.,* 3 N.Y.3d 200 (N.Y. 2004). Here, Plaintiff's claims are based on nothing more than a vague and conclusory statement that "he lost money" (*i.e.*, income). (Compl., ¶51). Nothing in Plaintiff's complaint states, nor even indicates, that Plaintiff's claims relate to a consumer-oriented loss. Accordingly, Plaintiff's unspecified "losses," which relate solely to his real estate agent business, do not constitute a "consumer-oriented" injury that would be actionable under either GBL § 349 or § 350.

### E.     Plaintiff's Common Law Claims Similarly Fail as a Matter of Law

To plead a common law unfair competition claim, a plaintiff must allege that the defendant, a competitor, acted in "bad faith" by exploiting some "commercial advantage which belonged exclusively to another." *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 2d 317 (E.D.N.Y. 2014). Here, Plaintiff's unfair competition claim fails because he has not, and cannot, allege the loss of some commercial advantage that belongs ***exclusively*** to him. Even if, assuming, *arguendo*, Plaintiff did sufficiently allege that Zillow is a competitor and that it acted in bad faith, Plaintiff has not and cannot assert that the unidentified and unspecified buyers that he purportedly lost were a commercial advantage that belonged exclusively to him.

Plaintiff likewise fails to state a common law claim for unjust enrichment against Zillow. A plaintiff asserting an unjust enrichment claim must sufficiently allege that monies, goods or services belonging to him are in the defendant's possession and the retention of such benefits would undermine the principles of equity and good conscience. *See Sperry v. Crompton Corp.,* 8 N.Y.3d 204 (N.Y. 2007). A claim of unjust enrichment cannot be sustained if it is "simply duplicative, or replaces, a conventional breach of contract or tort claim." *Koenig v. Boulder Brands, Inc.,* 885 F.Supp.2d 274, 290 (S.D.N.Y. 2014). Here, not only should Plaintiff's claim for unjust enrichment be dismissed as duplicative of its other, flawed claims sounding in tort, but should also be dismissed where he wholly fails to allege that Zillow has obtained any of Plaintiff's money, good or services as a result of Plaintiff's alleged losses. Accordingly, for all of the foregoing reasons, both Plaintiff's claims for unfair competition and unjust enrichment should be dismissed by this Court.

### F.     Plaintiff's Injunctive Relief Claims Cannot Stand

It is well-accepted that "obey the law injunctions" are impermissibly vague and not capable of enforcement. *S.C. Johnson & Son, Inc. v. Clorox Co.,* 241 F.3d 232 (2d Cir. 2001). Plaintiff's claim for injunctive relief seeking to generally restrain the "challenged practices" and require Zillow to "comply with the law" disregards this well-accepted maxim and should be stricken as a matter of law. *See Matthews v. Mem'l Sloan-Kettering Cancer Ctr.,* 1985 WL 151 (S.D.N.Y. Mar. 19, 1985).

January 29, 2020
Page 4

      Based on all of the foregoing, Zillow respectfully requests the Court grant Zillow leave to file a motion to dismiss Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

                                       **SAUL EWING ARNSTEIN & LEHR LLP**

                                       By: _____
                                             Francis X. Riley III

cc:     All Counsel of Record (via ECF and email)