**SAUL EWING**
**ARNSTEIN**
**& LEHR** LLP

Francis X. Riley III
Phone: (609) 452-3150
Fax: (609) 452-3122
Francis.Riley@saul.com
www.saul.com

February 27, 2020

**VIA ECF**
The Honorable Nelson S. Roman, U.S.D.J.
United States Courthouse
218300 Quarropas Street
White Plains, NY 10601

> Re:  Brizer v. Zillow, Inc.
>      Case No. 19-cv-11521 (NSR)

Dear Judge Roman:

Saul Ewing Arnstein & Lehr LLP represents Zillow, Inc. ("Zillow") in the above-referenced matter. In response to Zillow's initial request for a pre-motion conference pursuant to Your Honor's Individual Rule 3(A)(ii), Plaintiff requested leave and filed his First Amended Complaint ("Amended Complaint"). However, as described below, Plaintiff's Amended Complaint suffers from the same pleading defects that were identified in Zillow's initial request for a pre-motion conference. Zillow therefore requests a pre-motion conference so it can proceed with the filing of a motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (6), for the reasons set forth below.

### A.  Background and Factual Allegations

Zillow operates a free online web-portal that provides information and resources that are designed to assist individuals in buying, selling and renting residential real estate. This includes tools for identifying real estate agents, mortgage lenders, and other real estate related professionals. Plaintiff's Amended Complaint is based on Zillow's alleged inclusion and identification of "Premier Agents" in listings for various properties on its website. Plaintiff alleges that Premier Agents pay fees to Zillow to appear on the same webpages as property listings that they are not connected with and for which they are not the listing agent. (Am. Compl., ¶¶ 6, 24). Plaintiff, "a licensed real estate salesperson and/or real estate broker," alleges that Zillow's website is designed in a way to direct inquiries to Premier Agents and the term "Premier Agent" somehow "connotes a special relationship to the property and superior knowledge of the property" over listing agents. (Am. Compl., ¶¶ 7-12). Plaintiff further alleges that it takes "several scrolls to even identify the listing agent" among the Premier Agents for listings appearing on Zillow's website. (Am. Compl., ¶ 17). Plaintiff then surmises, without any factual support, that Premier Agents: (i) are "unable to provide the information requested" by a

650 College Road East, Suite 4000 ♦ Princeton, NJ 08540-6603 ♦ Phone: (609) 452-3100 ♦ Fax: (609) 452-3122

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

February 27, 2020
Page 2

potential buyer on a particular listing; (ii) are "prone to steering prospective homebuyers towards properties that are better financial arrangements for them;" and (iii) "induce unwary homebuyers into signing Buyer's Agent Agreements or dual agency agreement[s] to maximize their commission." (Am. Compl., ¶¶ 24, 26-27).

Further, Plaintiff claims, without any specificity, that he has "lost money" and "valuable leads" due to Zillow's actions. (Am. Compl., ¶¶ 48, 64). Plaintiff's Amended Complaint asserts claims for alleged violations of New York GBL § 340, §349 and §350, along with common law claims for unfair competition and unjust enrichment. (Am. Compl., ¶¶ 58-75). Plaintiff seeks to assert these claims on behalf of a class of "all real estate brokers, real estate sales agents, and other similarly designated real estate personnel in New York." (Am. Compl., ¶ 50). He further requests a preliminary injunction to "correct the challenged practices to comply with the law," "restitution and disgorgement for members of the class," and monetary damages and interest.

**B.    Plaintiff Fails to Sufficiently Allege Article III Standing to Pursue his Claims**

In order for this Court to have subject matter jurisdiction over this action, Plaintiff must allege, among other things, that he has suffered a concrete injury that is fairly traceable to the actions of Zillow and it is likely – not merely speculative – that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); *see also Parker Madison Partners v. Airbnb, Inc.*, 283 F. Supp. 3d 174 (S.D.N.Y. 2017). Here, Plaintiff fails to plead any facts to demonstrate that he has suffered an "injury in fact" beyond Plaintiff's bare and conclusory allegations of unidentified "losses" and "valuable leads." Furthermore, Plaintiff's Amended Complaint fails to include any factual assertions that plausibly support a conclusion that *but for* the alleged actions or inactions by Zillow, he would not have incurred the unspecified losses. Instead, Plaintiff's "losses" are pure speculation, supported with nothing more than conclusory allegations, and his Amended Complaint must therefore be dismissed as a matter of law.

**C.    Plaintiff Fails to Allege the Necessary Elements of a § 340 ("Donnelly Act") Claim**

New York's Donnelly Act prohibits agreements or conspiracies that create a monopoly or result in an unreasonable restraint on trade and a negative economic impact on an identified market and those participating in it. *See Yankees Entm't & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657 (S.D.N.Y. 2002). To adequately plead a violation of the Donnelly Act, a complaint must contain allegations of "a reciprocal relationship between two or more legal or economic entities [co-conspirators]," the "factual identity of the co-conspirators," and the conspiracy itself which has blocked the plaintiff's free exercise of its business practices. *See id.* A Donnelly Act violation "can only occur when the alleged 'conspirators' are in competition with one another or with the plaintiff." *Benjamin of Forest Hills Realty, Inc. v. Austin Sheppard Realty, Inc.*, 34 A.D.3d 91, 98 (2d Dep't 2006).

Here, Plaintiff's Amended Complaint continues to lack any facts to support the fundamental elements of a Donnelly Act claim. Aside from the general label of "Premier Agents," Plaintiff fails to name or identify any alleged co-conspirator entities, or any specific reciprocal agreements which purportedly curtail each co-conspirator's competition. Moreover, Plaintiff's bald and conclusory statement regarding "defendant's concerted efforts with Premier Agents," does not suffice. Plaintiff's Donnelly Act claim must therefore be dismissed as a matter of law.

### D. Plaintiff's Claims Under GBL § 349 and § 350 Fail as a Matter of Law

GBL §349 protects consumers from "deceptive acts and practices" by those who sell consumer products and/or services, while GBL § 350 seeks to protect consumers against false advertising by this same group. New York courts consistently bar claims under both sections by a plaintiff whose primary claim of loss is not consumer-oriented, but is commercial in nature. *See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 3 N.Y.3d 200 (N.Y. 2004). Here, Plaintiff's claims are based on nothing more than a vague and conclusory statement that "he lost money" (*i.e.*, income) and "valuable leads" relating to his business as a real estate agent. (Am. Compl., ¶¶ 47-48, 64). Nothing in Plaintiff's Amended Complaint states, nor even indicates, that Plaintiff's claims relate to a consumer-oriented loss. Accordingly, Plaintiff's unspecified "losses" do not constitute a "consumer-oriented" injury that would be actionable under either GBL § 349 or § 350.

### E. Plaintiff's Common Law Claims Similarly Fail as a Matter of Law

To plead a common law unfair competition claim, a plaintiff must allege that the defendant is a competitor and acted in "bad faith" by exploiting some "commercial advantage which belonged exclusively to another." *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 2d 317 (E.D.N.Y. 2014). Here, Plaintiff's unfair competition claim fails, at a minimum, where, Plaintiff does not allege, nor can allege, some commercial advantage that belongs *exclusively* to him. While Plaintiff's Amended Complaint attempts to plead around this fatal defect by identifying listing agents as having the "original connection with the seller" and describing the "exclusive listings as 'my' or 'mine,'" Plaintiff's Amended Complaint fails to plausibly allege the right to represent every potential buyer who is interested in this listing. Said differently, Plaintiff has not, and cannot, assert that the unidentified "valuable leads" were a commercial advantage that belonged *exclusively* to him.

Plaintiff likewise fails to state a common law claim for unjust enrichment against Zillow. A plaintiff asserting an unjust enrichment claim must sufficiently allege that monies, goods or services belonging to him are in the defendant's possession and the retention of such benefits would undermine the principles of equity and good conscience. *See Sperry v. Crompton Corp.*, 8 N.Y.3d 204 (N.Y. 2007). A claim of unjust enrichment cannot be sustained if it is "simply duplicative, or replaces, a conventional breach of contract or tort claim." *Koenig v. Boulder Brands, Inc.*, 885 F.Supp.2d 274, 290 (S.D.N.Y. 2014). Plaintiff's unjust enrichment claim should be dismissed: (i) as duplicative of his other flawed tort claims and (ii) because of Plaintiff's inability to sufficiently allege that Zillow obtained and remains in possession of any of Plaintiff's money, good or services.

### F. Plaintiff's Injunctive Relief Claims Cannot Stand

It is well-accepted that "obey the law injunctions" are impermissibly vague and not capable of enforcement. *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232 (2d Cir. 2001). Plaintiff's claim for injunctive relief seeking to generally restrain the "challenged practices" and require Zillow to "comply with the law" disregards this well-accepted maxim and should be stricken as a matter of law. *See Matthews v. Mem'l Sloan-Kettering Cancer Ctr.*, 1985 WL 151 (S.D.N.Y. Mar. 19, 1985).

February 27, 2020
Page 4

      Based on the foregoing, Zillow respectfully requests the Court grant Zillow leave to file a motion to dismiss Plaintiff's Amended Complaint, pursuant to FRCP 12(b)(1) and 12(b)(6).

                                         **SAUL EWING ARNSTEIN & LEHR LLP**

                                         By: _____
                                              Francis X. Riley III

cc:    All Counsel of Record (via ECF and email)