**Sheehan & Associates, P.C.**          505 Northern Blvd Ste 311, Great Neck NY 11021-5101
spencer@spencersheehan.com                  tel. 516.303.0552      fax 516.234.7800

March 3, 2020

District Judge Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   7:19-cv-11521-NSR
      Brizer v. Zillow, Inc.

Dear District Judge Román:

This office, with co-counsel Michael Reese, Reese LLP and James Chung, Esq., represents the plaintiff. On February 27, 2020, defendant filed a letter in anticipation of moving to dismiss the first amended complaint ("FAC"). Defendant's motion is unnecessary for the reasons set forth herein.

***Plaintiff has Article III Standing***     To demonstrate standing under Article III, a plaintiff must show they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). As alleged in the FAC, defendant's deceptive conduct causes injury by diverting real estate leads to its advertisers, depriving plaintiff and other licensed real-estate brokers of commissions which they otherwise would receive.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). By offering real estate leads which were generated through the effort and expenditure of plaintiff and prospective class members, defendant causes a financial, reputational, and professional a injury in fact to plaintiff and other licensed brokers.

***Plaintiff's Burden to Plead Injury-in-fact is Low on Motion to Dismiss***   In *Katin v. Nat'l Real Estate Info. Servs., Inc.*, the plaintiffs – who were licensed attorneys – alleged that defendants engaged in the unauthorized practice of law on behalf of banks and lenders. No. CIV. A. 07-10882DPW, 2009 WL 929554, at *1 (D. Mass. Mar. 31, 2009). Though the court acknowledged that "it would be insufficient for a plaintiff seeking damages merely to allege the presence of illegal competition in the same industry," it denied defendant's motion to dismiss. *Katin*, 2009 WL 929554, at *1 ("where—as in this case—a plaintiff alleges actual economic injury but does not offer specific examples, [. . .] plaintiff's allegations establish a "plausible entitlement to relief" under the Twombly pleading standard.").

Plaintiffs there did not identify "any particular clients who stopped using plaintiffs for conveyancing services in favor of the defendants" nor "that any particular prospective client transactions were adversely affected by the defendants' allegedly unlawful activity." *Id*. at *4. The *Katin* court found that "plaintiffs' general allegations of economic harm" were sufficient to survive a motion to dismiss. *Id*. at *7

*Plaintiff's Claims Fall Under the Area of Consumer Transactions*

Defendant argues that "New York courts consistently bar claims under both sections" GBL 349 and 350 where the "primary claim of loss is not consumer-oriented, but is commercial in nature." *Blue Cross v. Philip Morris*, 818 N.E.2d 1140, 3 N.Y.3d 200, 785 N.Y.S.2d 399 (2004). However, the Court of Appeals recognized the purpose of GBL §§ 349 and 350 to halt deceptive practices. *Blue Cross*, 3 N.Y.3d at 207 citing *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir 1995), cert denied 516 US 1114 (1996) (allowing a corporation to use section 349 to halt a competitor's deceptive consumer practices); *Mem of Atty Gen, Bill Jacket*, L 1980, ch 346 ("a business itself will be able to use the private right of action against another business engaged in deceptive practices and thereby obtain increased legal protection").

***Plaintiff's Common Law Claims Are Adequately Pleaded*** Defendant's narrow analysis of plaintiff's claims of unfair competition is inconsistent with how this cause of action is addressed by this State's Courts. *Roy Export Co. Estab. of Vaduz v. Columbia Broadcasting System*, 672 F.2d 1095 (2d Cir. 1982) ("noting the "incalculable variety" of illegal practices falling within the unfair competition rubric…a "broad and flexible doctrine" that depends "more upon the facts set forth ... than in most causes of action") (citations and quotations omitted).

For the foregoing reasons, defendant's request for a pre-motion conference should be denied.  Thank you.

Respectfully submitted,

 /s/Spencer Sheehan
Spencer Sheehan

2

**Certificate of Service**

I certify that on March 3, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan